**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 05-5214**

───────────────

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

        versus

DARRELL ALSTON, a/k/a D,

                                        Defendant - Appellant.

───────────────

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  J. Frederick Motz, District Judge.
(CR-05-181)

───────────────

Submitted:  June 14, 2006          Decided:  June 27, 2006

───────────────

Before SHEDD and DUNCAN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

Peter D. Ward, LAW OFFICE OF PETER D. WARD, Baltimore, Maryland,
for Appellant. Rod J. Rosenstein, United States Attorney, Kwame J.
Manley, Assistant United States Attorney, Baltimore, Maryland, for
Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Darrell Alston was convicted by a jury of one count of conspiracy to distribute and possess with intent to distribute one kilogram or more of a mixture or substance containing heroin and fifty grams or more of a mixture or substance containing cocaine base, one count of possession of a firearm in furtherance of a drug trafficking crime, and two counts of witness tampering, in violation of 18 U.S.C. §§ 2, 924(c), 1512(b)(3); 21 U.S.C. §§ 841(a), 846 (2000). Alston was sentenced to life imprisonment, and he timely appealed. The sole issue Alston asserts on appeal is a challenge to the manner in which the jury was selected. We affirm.

Alston, who is African-American, contends the Government exercised its peremptory strikes in a racially discriminatory manner in violation of Batson v. Kentucky, 476 U.S. 79 (1986). During jury selection, the Government exercised two of its six peremptory strikes against African-American venire persons. Alston raised a Batson challenge, and the district court required the Government to offer a race-neutral explanation for the strikes. The Government explained that it had stricken these two individuals because they were "very young" and noted that it had exercised strikes against other non-African-American venire persons because of their young age. Additionally, the Government pointed out that it had not exercised strikes against older African-American venire

persons. The district court determined that the Government's reason was not pretextual as it was "borne out" by other strikes the Government had exercised.

Generally, a <u>Batson</u> challenge consists of three steps: (1) the defendant makes out a prima facie case of discrimination; (2) the Government offers a race-neutral explanation; and (3) the trial court decides whether the defendant has carried his burden and proved purposeful discrimination. <u>Purkett v. Elem</u>, 514 U.S. 765, 767-68 (1995). "Once a prosecutor has offered a race-neutral explanation for the peremptory challenges and the trial court has ruled on the ultimate question of intentional discrimination, the preliminary issue of whether the defendant had made a prima facie showing becomes moot." <u>Hernandez v. New York</u>, 500 U.S. 352, 395 (1991). Because that is the posture of this appeal, we begin our analysis with the second step in the <u>Batson</u> inquiry.

The second step requires the Government to proffer a race-neutral explanation for its strikes. The proffered reason "need not be worthy of belief or related to the issues to be tried or to the prospective juror's ability to provide acceptable jury service." <u>Jones v. Plaster</u>, 57 F.3d 417, 420 (4th Cir. 1995). All that is required is that the reason be race-neutral. <u>See</u> <u>Purkett</u>, 514 U.S. at 768. The Government's proffered explanation clearly satisfies this step.

For the third step in the inquiry, we review for clear error the trial court's finding that the defendant failed to carry his burden to prove purposeful discrimination. Jones, 57 F.3d at 421. Great deference is given the trial court's finding as resolution of the issue rests largely on credibility determinations. Id. Because age is an acceptable race-neutral explanation, see United States v. Grimmond, 137 F.3d 823, 834 (4th Cir. 1998), and Alston has failed to establish that the Government's explanation was pretextual, we conclude the district court did not clearly err in denying Alston's Batson challenge.

Accordingly, we affirm Alston's convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED